## Case No. 5,326.

In re GEORGE et al.

[1 Lowell, 494.] [1]

District Court, D. Massachusetts. 1870.

BANKRUPTCY—COSTS.

1. The court will not usually award costs to the prevailing party on the issue of the bankrupt's discharge.

2. Semble, if the objections were frivolous or vexatious, or if, on the other hand, the bankrupt were shown to have the means, of paying costs, a different order might be taken in this respect.

[Cited in Re Holgate, Case No. 6,601.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[In bankruptcy. In the matter of J. H. George and G. G. Proctor.]

F. J. Lippitt, for creditors.
E. Avery, for bankrupts.

LOWELL, District Judge. Certain creditors objected to the discharge of these bankrupts, and the questions of fact arising thereon were submitted to a jury, who found some of the specifications to be true. [Case No. 5,325]. The creditors now move for costs. I have not found any reference in the statute or the general orders to the costs of either party in what is often the vital and most closely contested issue in the cause, unless it be in section 28, where it is provided that all the costs of suits and the several proceedings in bankruptcy shall be a first lien on the assets. The costs here mentioned include all the usual and proper fees, whether in the ordinary conduct of the proceedings, or in suits which the assignee has properly brought or defended in the administration of his trust. But I have not held them to cover the costs of opposing the debtor's discharge, for this reason: The statute makes it no part of the assignee's duty or right to oppose the discharge of the bankrupt, but carefully regulates that matter as being one between such creditors as choose to act in the premises, and the debtor himself. The assignee cannot interfere unless he happens to be a creditor, and then only as creditor. It would seem, therefore, that for some reason, congress thought best to treat this question as one of private rather than general concern. Perhaps it was thought that some creditors might choose to give the bankrupt his certificate, notwithstanding any conduct by which he might have forfeited the right to it, and that they ought not to be charged with the expenses of an opposition which they do not wish to make. This view is quite consistent with that part of the law.which gives any one or more of the creditors the right to oppose the discharge for cause, although a majority in number and value may have assented to its being granted. If, then, this is a sort of private suit between the debtors and those creditors who choose to object, should the prevailing party recover costs? I have found no statute of the United States which gives an absolute right to costs in a case of this kind; and I take it to be clear that the district court, sitting in bankruptcy, has the discretion, like other courts of equitable jurisdiction, to give or withhold costs, in whole or in part, as it may deem just, in all proceedings not specially regulated by statute. Such appears to have been the practice under the statute of 1841 [5 Stat. 440]. In re Guild [Case No. 5,860]. Under the act of 1867 [14 Stat. 517], I have seen reports of cases in which the objections appear to have been overruled with costs, but I recall no case in which the point has been at all discussed, or in which costs have been given against the bankrupt. It seems to me that a sound judicial discretion prescribes that costs should not, in general, be given in these cases. The bankrupt is presumed to be poor, and in most cases would probably be unable to pay costs; and, on the other hand, as there ought to be mutuality in these things, I should not usually give costs against the objecting creditors. The exceptions, perhaps, should be where, on the one side, frivolous, unfounded, or clearly insufficient objections were made, which might justly be deemed vexatious; or, on the other, where the debtor appeared to be clearly in the wrong, and to have the means to pay the charge. Applying these rules to the present case we find that the specifications which were sustained by the jury are those which charge a preference to one creditor, and a failure to keep proper books of account. There was nothing· to show actual fraud or concealment of property, and no reason to suppose that the defendants could now respond to the execution. Under these circumstances the creditors must be content with holding the original debt and interest good against the debtors. It will not be difficult for creditors to combine in such way that the expense to each will be comparatively slight. The greater hardship is when an honest debtor entitled to his certificate is opposed by his creditors. But even in that case I should not feel at liberty to vary the rule, excepting in such instances as I have suggested. He must come prepared to prove his right to relief, and to meet any objection that may be made in good faith and with probable cause. The contest would be too unequal if the parties were not to stand on a like footing in this respect. This case does not necessarily involve the point whether, under any circumstances, the costs, or any part of them, might, in the discretion of the court, be allowed out of the fund, though not within section 28; because here the fund is said to be insufficient. Motion denied.